UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>JAIME RANGEL,<br><br>Movant. | No. 2:13-cr-117-GEB-EFB P<br><br>FINDINGS AND RECOMMENDATIONS |

Movant, proceeding without counsel, has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1] ECF No. 111. The government has moved for summary judgment. ECF No. 118. Movant filed a response to the government's motion (ECF No. 123) and the motion is ready for disposition. For the reasons stated hereafter, the motion for summary judgment must be granted.

## Background

I. Indictment and Plea Agreement

An indictment dated April 4, 2013 charged movant with: (1) conspiracy to distribute and possess with intent to distribute at least 500 grams of a mixture and substance containing a detectable of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846; and (2)

---

[1] This motion was assigned, for statistical purposes, the following civil case number: 2:18-cv-100-GEB-EFB.

1

possession with intent to distribute at least 500 grams of a mixture and substance containing a detectable of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1). ECF No. 118 at 12-13. On June 6, 2014, movant pleaded guilty to the first of those counts pursuant to a plea agreement. ECF No. 57. In exchange for movant's guilty plea, the government agreed: (1) to dismiss without prejudice the second count; and (2) not to charge in an information pursuant to 21 U.S.C. § 851 that movant had been convicted of a prior drug felony offense – a charge that would have subjected movant to an enhanced sentence of twice the mandatory minimum which otherwise would have applied or a mandatory minimum sentence of 20 years to life. *Id.* at 3. Finally, the government agreed to recommend that the court sentence movant to the low end of the applicable guideline range. *Id.*

The foregoing plea agreement made several warnings to movant. It advised him that: (1) the court was not a party to the agreement; (2) the court was not required to accept any sentencing recommendation made by the government; and (3) the court had discretion to impose a sentence up to and including the maximum sentence indicated in the plea agreement. *Id.* at 2. Movant was also advised that, if the court imposed any sentence – including the maximum established by statute – he could not, for that reason alone, withdraw his guilty plea. *Id.* The agreement specifically noted that, by signing it, movant understood that "neither the prosecutor, defense counsel, nor the Court can make a binding prediction or promise regarding the sentence his (sic) will receive." *Id.*

Finally, the plea agreement contained a "waiver of appeal and collateral attack" which provided that, as part of his plea, movant agreed to give up his right to "appeal the guilty plea, conviction, and the sentence imposed in this case as long as the sentence does not exceed the top of the applicable guideline range as found by the Court." ECF No. 57 at 7. This section also provided that "regardless of the sentence the defendant receives, the defendant also gives up any right to bring a collateral attack, including a motion under 28 U.S.C. § 2255 or § 2241, challenging any aspect of the guilty plea, conviction, or sentence, except for non-waivable claims." *Id.*

/////

II. Change of Plea Hearing

At the June 6, 2014 change of plea hearing, Judge Burrell asked movant whether he was satisfied with the representation and advice provided to him by his counsel. ECF No. 118 at 36. Movant responded that he was. *Id.* Pursuant to questions from Judge Burrell, movant stated that: (1) he understood that his counsel had had discussions with the prosecutor concerning a change of plea; (2) he was willing to plead guilty because of those discussions; and (3) he was entering his guilty plea voluntarily. *Id.* at 37. Judge Burrell then asked the government to describe the terms of the plea agreement, and the prosecutor did so. *Id.* at 37-39. Movant then stated, pursuant to questioning, that he had not received any promises, assurances, or inducements for his guilty plea other than what was included in the plea agreement. *Id.* at 39. Movant made all of these statements while under oath. *Id.* at 34-35.

After the foregoing questioning, Judge Burrell asked movant to listen to the consequences of his plea. Judge Burrell articulated, *inter alia*, the following:

> The maximum possible penalty provided by law for a plea of guilty to Count 1 in the Indictment is that you could be placed in prison for the rest of your life. The mandatory minimum prison sentence you will receive is ten years, and you could be fined $10 million.

*Id.* at 40-41. Judge Burrell asked if movant understood this and movant averred that he did. *Id.* at 41. Judge Burrell asked movant whether he also understood that:

> I will not be able to determine the advisory guideline imprisonment range for your case until after the probation office has prepared a presentence report, and you and the prosecutor have had an opportunity to challenge the content of that report?

*Id.* at 41-42. Movant again stated that he so understood. *Id.* at 42. Then, Judge Burrell asked movant whether he understood that "the sentence you receive could be different from any estimate your attorney may have given you?" *Id.* at 42. Movant stated that he did. *Id.* Judge Burrell then asked:

> Your plea agreement states that you waived your right to appeal anything that happens during this hearing and anything that happens during your sentencing.

> Did you waive your right to appeal and to otherwise challenge anything that happens during your conviction, that's this proceeding, and anything that happens during your sentencing, as stated on page 7 of your plea agreement?

*Id.* Movant said he understood and was prepared to make that waiver. *Id.* at 43.

Again, movant provided all of these responses under oath. *Id.* at 33-34.

## Legal Standards

Where a defendant pleads guilty based on the advice of his counsel, he may "only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel" was outside "the range of competence demanded of attorneys in criminal cases." *Hill v. Lockhart*, 474 U.S. 52, 56-58 (1985) (quoting *Tollett v. Henderson*, 411 U.S. 258, 267 (1973), and *McMann v. Richardson*, 397 U.S. 759, 771 (1970)). Further, a movant attacking the voluntary and intelligent character of a guilty plea based on the advice of counsel must demonstrate prejudice – that is "that but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59.

## Analysis

Movant argues that his trial counsel rendered ineffective assistance by failing to ensure that movant "understood every aspect of the plea agreement tendered by the government." ECF No. 111 at 4. In the brief attached to his motion, movant argues that "[a]t no time did counsel explain to [movant] the fluid, non binding nature of the plea agreement." *Id.* at 16. Movant goes on to argue that he was not adequately informed about two consequences of signing the plea agreement. First, he claims that he was under the mistaken belief that "at [t]he time he entered his plea . . . he was doing so in order to receive the benefit of this lower sentence of 135 months, quid pro quo." *Id.* Second, he argues that counsel did not inform him that "he was in fact waiving his right to appeal." *Id.* Movant states that, had he been aware of either of these consequences before entering his plea, he would have insisted on going to trial. *Id.*

These arguments are wholly unsupported by the record. The consequences movant claims to have been unaware of were plainly and explicitly represented in the text of the plea agreement.

/////

4

As noted above, the agreement informed movant that his sentencing lay entirely within the court's discretion and the court was not party to the agreement. ECF No. 57 at 2. The agreement also set out the terms of the waiver of appeal. *Id.* at 7. And, as reproduced above, Judge Burrell specifically asked movant whether he understood: (1) the maximum possible sentence he could receive; (2) that the precise contours of his sentence would be determined at a later date – i.e. that he was not securing any specific sentence by agreeing to plead guilty; and (3) that he was waiving his right appeal. ECF No. 118 at 40-42. Movant answered each of these questions in the affirmative and under oath. *Id.* The Ninth Circuit has held that, even if a defendant's attorney fails to inform him of the nature of a plea bargain, a defendant cannot show prejudice if the trial court itself provides him with the information in question. *See*, *e.g.*, *United States v. Rubalcaba*, 811 F.2d 491, 494 (9th Cir. 1987); *United States v. Boniface*, 601 F.2d 390 (9th Cir. 1979).

His response to the government's motion for summary judgment largely reiterates his arguments. He again claims that he understood the terms of the plea agreement to be the last word insofar as he "was satisfied, due to the information he received, that the Court would follow the government's recommendations in the plea agreement." ECF No. 123 at 5. Again, however, at the plea hearing the court specifically informed him that his sentence could be different from any estimate his counsel had given him. Thus, plaintiff cannot credibly continue to maintain that he was ignorant of the possibility that his sentence could be higher than what the plea agreement stated that the government would recommend. And his contention that the plea agreement was "structured in a way to deceive [him]" is at odds with the fact that the agreement itself warned that the court was not a party to the agreement and was not obliged to accept the government's recommendations. ECF No. 57 at 2.

Based on the foregoing, the court concludes that the government's motion for summary judgment should be granted.

## Conclusion

Accordingly, it is HEREBY RECOMMENDED that the government's motion for summary judgment (ECF No. 118) be GRANTED and movant's motion pursuant to section 2255 (ECF No. 111) be DENIED in its entirety.

5

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Rules Governing § 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: May 16, 2019.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE