HEATHER E. WILLIAMS, Bar #122664
Federal Defender
DAVID M. PORTER, Bar #127024
Assistant Federal Defender
Counsel Designated for Service
801 I Street, 3rd Floor
Sacramento, California 95814
Telephone: (916) 498-5700

Attorneys for Defendant
JAMIE RANGEL

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     v.<br><br>JAMIE RANGEL,<br><br>          Defendant. | No. 2:13-cr-00117-JAM-2<br><br>**STIPULATED MOTION AND ORDER TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)**<br><br>RETROACTIVE CRIMINAL HISTORY REDUCTION CASE<br><br>Judge: The Honorable JOHN A. MENDEZ |

Defendant, JAMIE RANGEL, by and through his attorney, Assistant Federal Defender David M. Porter, and plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Assistant U.S. Attorney Shelley D. Weger, hereby stipulate as follows:[1]

    1.    Pursuant to 18 U.S.C. § 3582(c)(2), this Court may reduce the term of imprisonment in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), after taking into account the policy statements set forth in USSG § 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable;

    2.    The United States Sentencing Commission recently amended the Sentencing

---

[1] Defendant's counsel enters into this stipulation after having examined the pertinent documents including the presentence report, statement of reasons, and judgment, and conferring with the defendant and/or his trial counsel. Defendant's projected release date is March 22, 2024.

Guidelines to limit the overall criminal history impact of "status points" by assigning zero status points for offenders with six or fewer criminal history points, and one status point for offenders with seven or more criminal history points ("status-point provision").  See Amendment 821, Part A; *compare* USSG § 4A1.1(d) (2022), *with* USSG § 4A1.1(e) (Nov. 1, 2023).  The United States Sentencing Commission made the status-point provision retroactive beginning February 1, 2024.  See USSG § 1B1.10(e)(2) (Nov. 1, 2023); 88 Fed. Reg. 60534

3. Mr. Rangel received 3 criminal history points based on his past criminal convictions and 2 criminal history points pursuant to the former USSG § 4A1.1(d), for a total criminal history score of 5, which placed him in criminal history category III.  His total offense level was 33, resulting in a guideline range of 168 to 210 months;

4. On May 15, 2015, this Court sentenced Mr. Rangel to a term of 168 months;

5. The sentencing range applicable to Mr. Rangel was subsequently lowered by the status-point provision;

6. Mr. Rangel is eligible for a reduction in sentence, which reduces his criminal history score to 3, lowering his criminal history category from III to II, resulting in an amended advisory guideline range of 151 to 188 months;

7. Accordingly, the parties request the Court enter the order lodged herewith reducing Mr. Rangel's term to 151 months imprisonment, effective 10 days from the date of the amended judgment.  If the amount of time served as of the effective date exceeds 151 months, the sentence is instead reduced to a sentence of time-served effective 10 days from the date of the amended judgment.[2]

8. <u>United States' statement regarding its stipulation</u>[3]:  The defendant was convicted of conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1).  The United States enters into this stipulation after reviewing the Presentence Investigation Report, government's sentencing memorandum, the sentencing transcript, Statement of Reasons,

---

[2] This 10-day period is requested by the Bureau of Prisons to perform its statutory duties and release planning.

[3] This statement is provided by the United States and is not part of the parties' stipulation.

Judgment, and the defendant's Bureau of Prisons ("BOP") disciplinary history. The prosecuting AUSA is no longer employed by the Department of Justice and was not consulted. At sentencing, both probation and the government recommended a sentence of 168 months' imprisonment. ECF No. 79; PSR at 15. The defendant recommended a sentence of 135 months' imprisonment. ECF No. 78 at 11. In sum, the sentencing transcript indicates that "based on the 3553(a) factors" the Court sentenced the defendant to the "bottom of the advisory guideline range" as "recommended by the probation officer." ECF No. 95 at 12. The defendant has sustained one incident while in BOP custody, assault without serious bodily injury, that occurred on July 18, 2022. BOP records indicate Rangel hit another inmate. The defendant is currently located at RRM Sacramento, and his projected release date is March 22, 2024. *See* Bureau of Prisons Inmate Locator available at https://www.bop.gov/inmateloc/. The agreed upon reduction will likely result in a time served sentence.

Respectfully submitted,

| | |
|---|---|
| Dated: February 12, 2024 | Dated: February 12, 2024 |
| PHILLIP A. TALBERT<br>United States Attorney | HEATHER E. WILLIAMS<br>Federal Defender |
| /s/ *Shelley D. Weger*<br>SHELLEY D. WEGER<br>Assistant U.S. Attorney | /s/ *David M. Porter*<br>DAVID M. PORTER<br>Assistant Federal Defender |
| Attorney for Plaintiff<br>UNITED STATES OF AMERICA | Attorney for Defendant<br>JAMIE RANGEL |

**ORDER**

This matter came before the Court on the stipulated motion of the parties for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2).

The parties agree, and the Court finds, that Mr. Rangel is entitled to the benefit of Amendment 821, Part A, the new status-point provision, which reduces his criminal history score of 3, and his criminal history category from III to II, resulting in an amended guideline range of 151 to 188 months.

IT IS HEREBY ORDERED that the term of imprisonment imposed in May 2015 is reduced to a term of 151 months, effective February 1, 2024.  If the amount of time served as of February 1, 2024 exceeds 151 months, effective 10 days from the date of the Court's amended judgment. If the amount of time served as of the effective date exceeds 151 months, the sentence is instead reduced to time-serve effective 10 days from the date of the amended judgment.

IT IS FURTHER ORDERED that all other terms and provisions of the original judgment remain in effect.  The clerk shall forthwith prepare an amended judgment reflecting the above reduction in sentence, and shall serve certified copies of the amended judgment on the United States Bureau of Prisons and the United States Probation Office.

Unless otherwise ordered, Mr. Rangel shall report to the United States Probation Office within seventy-two hours after his release.

Dated: February 20, 2024               /s/ John A. Mendez
                                       THE HONORABLE JOHN A. MENDEZ
                                       SENIOR UNITED STATES DISTRICT JUDGE